**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL D. MOOMEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:22-CV-315 AGF |
| | ) | |
| UNKNOWN KEEN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Michael Moomey, an inmate at St. Charles County Department of Corrections, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that this action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has failed to submit a *certified* prison account statement. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a *certified* copy of his prison account statement in support of his claim.

## 28 U.S.C. § 1915(e)

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, is malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a *pro se* complaint under 28 U.S.C. § 1915, the Court accepts the well-plead facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520

- 2 -

(1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the pro se plaintiff that assumed facts that had not been pleaded).

**The Complaint**

Plaintiff, an inmate at St. Charles County Department of Corrections, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights during his incarceration at St. Charles County Department of Corrections. Plaintiff has named as defendants: Unknown Keen (Director of the St. Charles County Department of Corr.); Unknown Food Service Supervisor; and the St. Charles County Department of Corrections. Plaintiff names defendants in their official capacities only.

Plaintiff asserts several conditions of confinement claims in this civil rights action. He alleges that his "sentence was overturned" and the first thing he did was ask for his legal work. Plaintiff does not indicate whom he asked for his legal work, but he claims that he was told by an unspecified person that he had seven (7) days to pick up his property or it would be thrown away. Plaintiff states that he "had family pick it up in that time frame." Again, plaintiff fails to allege where he had his family pick up his legal work. However, plaintiff does say that "St. Charles D.O.C. failed to take [his] legal work out before [his] property was picked up." Plaintiff claims that he made numerous requests before it was picked up, but his rights to legal work were violated.

Plaintiff believes that the lack of physical library at the St. Charles County Department of Corrections is unlawful. He asserts that he can only use "the tablet" for fifteen (15) minutes at a

time because he lacks money in his inmate account, and he can only use the kiosk for a half an hour at a time, which he finds unwieldy because it requires him to stand and do research. Plaintiff believes that inmates should be allowed to sit at a desk with a computer and do research.

Plaintiff next asserts that his "bond is $300,000" and it has been since 2017. Plaintiff alleges that holding him on such an elevated bond is an unequal application of the law because there are two other men in the St. Charles County Department of Corrections being held on similar charges under $70,000 bonds.

Plaintiff alleges that the food service is inadequate at the St. Charles County Department of Corrections because they "no longer give inmates fruit." Plaintiff states that he is given cake at every meal, but inmates are not regularly given fruit. Plaintiff does not indicate whether he asked an individual at the Department of Corrections for fruit and was denied fruit, or if he simply was not given fruit for a period of time during his incarceration at the St. Charles County Department of Corrections. Plaintiff also fails to indicate the time period he was incarcerated at the Department of Corrections.

Plaintiff states that on an unidentified date, his thumb was dislocated, and he was not given ice for the dislocation even after asking for ice. Plaintiff does not indicate if he told anyone in medical or on the correctional staff about his dislocation and if so, who he told. Plaintiff also fails to indicate how long the injury lasted.

Plaintiff claims that he is a practicing Catholic, and when he came to the St. Charles County Department of Corrections in approximately March of 2022, he was denied "church services." Plaintiff does not indicate who he asked for church services, or if he asked for Catholic services only. He states, however, that when he contacted "food services" to tell them Lent was coming and he could not have meat on Ash Wednesday or on Fridays during Lent, unspecified persons denied his request. Plaintiff states that he grieved the issue with his unidentified caseworker, who

claimed there would be no meat on Fridays during Lent. However, he was still served meat. Plaintiff does not indicate what he was served on his meal tray during Lent, or if he was provided enough food other than meat to suffice a nutritionally significant meal.

Last, plaintiff complains that the cost of a radio is approximately $39 more in the St. Charles County Department of Corrections than it is in the Missouri Department of Corrections. Plaintiff believes it is unlawful for the St. Charles County Department of Corrections to overcharge inmates for commissary goods.

Plaintiff seeks monetary damages in this action. Plaintiff also seeks release from confinement.

**Background**

A Grand Jury Indictment was filed against plaintiff in St. Charles County Court on January 15, 2017, charging plaintiff with the class B felony of domestic assault in the first degree, as well as armed criminal action. *State v. Moomey*, No. 1711-CR02906-01 (11th Judicial Circuit, St. Charles County Court).

The probable cause statement accompanying the warrant for plaintiff's arrest, filed on August 31, 2017, alleged that the victim, plaintiff's wife at the time, was running for exercise when she was struck from behind by a vehicle. The impact caused her to land on the hood of the vehicle and strike the back of her head on the windshield. The individual driving the vehicle drove away after striking her. At the time of the incident, plaintiff and his wife were estranged and in the middle of a divorce.

The Maryland Heights Police Department conducted a check at the residence plaintiff was staying at and discovered what they described as a suicide note. Plaintiff was laying unconscious in the roadway, with a gray/silver vehicle parked nearby rented by plaintiff. The vehicle's windshield was broken in the lower right passenger side, and it was later discovered there was

human hair stuck to the damage. The hair color was similar to that of the victims. Also in the vehicle was a baseball bat and an ice pick or awl.

On August 5, 2019, plaintiff entered a guilty plea to class B felony of domestic assault in the first degree. *State v. Moomey*, No. 1711-CR02906-01 (11th Judicial Circuit, St. Charles County Court). The plea of guilty was an Alford plea and was an open plea in that plaintiff did not accept the recommendation made by the State of Missouri. On October 21, 2019, after a sentencing hearing, plaintiff was sentenced to twelve (12) years' imprisonment in the Missouri Department of Corrections. *Id.*

Movant filed a motion to vacate his sentence pursuant to Missouri Supreme Court Rule 24.035 on August 22, 2019. *See Moomey v. State*, No. 1911-CC01213 (11th Judicial Circuit, St. Charles County Court). Counsel filed an amended motion to vacate on November 2, 2020. An evidentiary hearing was held on November 8, 2021. The Court granted the motion to vacate the conviction and sentence on November 10, 2022, finding that plea counsel had been ineffective. *Id.*

A warrant was issued for plaintiff's re-arrest on the prior Grand Jury Indictment on January 11, 2022. *See State v. Moomey*, No. 1711-CR02906-02 (11th Judicial Circuit, St. Charles County Court). Plaintiff was taken back to the custody of the St. Charles County Department of Corrections, and his bond was set at $300,000. A motion for bond reduction was filed by plaintiff's attorney on March 7, 2022. The motion was denied by the Court on March 14, 2022, as the Court found that plaintiff was a danger to the victim. At that time, the Court ordered that there be no bond in the case.

On August 31, 2022, plaintiff pled guilty to class B felony of domestic assault in the first degree. *See State v. Moomey*, No. 1711-CR02906-02 (11th Judicial Circuit, St. Charles County Court). Plaintiff was once again sentenced to twelve (12) years' imprisonment in the Missouri Department of Corrections with credit for time served.

**Discussion**

Plaintiff brings this action against defendants Director Unknown Keen, Unknown Food Service Supervisor, and the St. Charles County Department of Corrections in their official capacities only. Plaintiff's claims are subject to dismissal as set forth below.

**A.  Plaintiff's Claims Against the St. Charles County Department of Corrections**

Plaintiff is unable to state a claim against the St. Charles County Department of Corrections because jails and local government detention centers are not suable entities under 42 U.S.C. § 1983. *Owens v. Scott Cnty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (affirming dismissal of § 1983 claim because "county jails are not legal entities amenable to suit."); *De La Garza v. Kandiyohi Cnty. Jail, Corr. Inst.,* 18 F. App'x 436, 437 (8th Cir. 2001) (holding that neither county jail nor sheriff's department is a suable entity under § 1983); *see also Ketchum v. City of West Memphis, Ark.,* 974 F.2d 81, 82 (8th Cir. 1992) (holding that departments or subdivisions of local government are "not juridical entities suable as such" under § 1983). As such, the Court finds that dismissal of plaintiff's claim against the Department of Corrections is appropriate.

**B.  Official Capacity Claims Against Director Keen and Unknown Food Service Supervisor**

A plaintiff can bring a § 1983 claim against a public official acting in his or her official capacity, his or her individual capacity, or both. *Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007). In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Brewington v. Keener,* 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.,* 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public

employees in their official, rather than individual, capacities sues only the public employer"); and

*Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public

official in his official capacity is actually a suit against the entity for which the official is an agent").

In this case, Director Keen and the Unknown Food Supervisor are both employed by St.

Charles County Department of Corrections. Plaintiff's claims against them in their official

capacities are interpreted as brought against the entity that employs them – St. Charles County.

*Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). The complaint

contains no facts that demonstrate the existence of a municipal policy or custom that caused any

deprivation of plaintiff's rights, as necessary to bring official capacity claims against the

individuals mentioned in plaintiff's amended complaint or supplemental complaint. *See Ulrich v.*

*Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013). For the foregoing reasons, the Court concludes

that plaintiff's complaint is frivolous and/or fails to state a claim upon which relief may be granted.

## C. Individual Capacity Claims

Even if plaintiff had alleged that defendants Keen and Unknown Food Service Supervisor

acted in their individual capacities to violate his rights, he would still be unable to state a claim for

relief in this action.

Although plaintiff states that he asked for, but was not given, his legal work at the St.

Charles County Detention Center, he fails to specify who exactly denied him the legal property he

believes he was entitled to. Liability in a 42 U.S.C. § 1983 case is personal. *Frederick v. Motsinger*,

873 F.3d 641, 646 (8th Cir. 2017). In other words, "[g]overnment officials are personally liable

only for their own misconduct." *S.M. v. Krigbaum,* 808 F.3d 335, 340 (8th Cir. 2015). As such, §

1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights."

*Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (quoting *Madewell v. Roberts*, 909 F.2d

1203, 1208 (8th Cir. 1990)). *See also Kohl v. Casson*, 5 F.3d 1141, 1149 (8th Cir. 1993)

(dismissing plaintiff's excessive bail claims because none of the defendants set plaintiff's bail, and therefore, "there can be no causal connection between any action on the part of the defendants and any alleged deprivation" of plaintiff's rights). To that end, a plaintiff must allege facts connecting the defendant to the challenged action. *See Bitzan v. Bartruff,* 916 F.3d 716, 717 (8th Cir. 2019). Plaintiff's failure to indicate exactly which defendant denied him his legal work is fatal to his claim for relief.

Similarly, although plaintiff complains that the inmates are not given fruit at the Detention Center, he has not articulated if he asked for fruit and was denied fruit, or if he was told by defendant Unknown Food Service Supervisor that no fruit is allowed for inmates. Once again, his failure to allege that he was denied fruit by a defendant, and that he was harmed by the lack of fruit in his diet is fatal to his claim for relief under 42 U.S.C. § 1983. *See Madewell*, 909 F.2d at 1208. Additionally, plaintiff provides no evidence that the food provided to him at the Detention Center "was nutritionally inadequate," "prepared in a manner presenting an immediate danger to his health," or that the "his health suffered as a result of the food." *Cf. Ingrassia v. Schafer*, 825 F.3d 891, 897 (8th Cir. 2016); *see also Davis v. State of Mo.*, 389 Fed. Appx. 579, 579 (8th Cir. 2010) (stating that allegations that plaintiff lost nineteen pounds during eight-month stay in jail due to insufficient food, and that he was always sick and lacking energy, were sufficient to survive preservice dismissal).

Additionally, with regard to plaintiff's medical claim, plaintiff has failed to identify the purported defendant who allegedly failed to provide him ice for a dislocation for his thumb. *See Madewell*, 909 F.2d at 1208. Thus, the Court is unable to ascertain that plaintiff's rights were violated under the Eighth Amendment of the Constitution for an alleged deliberate indifference to his serious health needs. *See Holden v. Hirner*, 663 F.3d 336, 342 (8th Cir. 2011) (noting that a "serious medical need" is "one that has been diagnosed by a physician as requiring treatment, or

one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention.").

Furthermore, plaintiff has again failed to specify who allegedly denied him access to "church services" in March of 2022[1], and who purportedly gave him meat on his tray during Lent even though he was a practicing Catholic. *See Madewell,* 909 F.2d at 1208. Under the First Amendment, "prison inmates are entitled to reasonable accommodation of their religious dietary needs." *Love v. Reed*, 216 F.3d 682, 689 (8th Cir. 2000). It is well-settled that jail and prison inmates "have the right to be provided with food sufficient to sustain them in good health [and] that satisfies the dietary laws of their religion." *McElyea v. Babbitt*, 833 F.2d 196, 198 (9th Cir. 1987). "It is not well-established, however, that [religious inmates] must be offered a meat-free diet." *Kind v. Frank*, 329 F.3d 979, 981 (8th Cir. 2003) (finding qualified immunity would protect prison officials who offered Muslim inmate pork-free but not vegetarian meals). Similarly, the Eighth Circuit has also held that a prison's meal plan regulations do not substantially burden a Muslim inmate's free exercise rights where the inmate had access to *only* vegetarian entrees. *See also Patel v. United States Bureau of Prisons*, 515 F.3d 807, 810-812 & n.8 (8th Cir. 2008). As it is not entirely clear who allegedly denied plaintiff a meat free tray and/or what kind of food plaintiff was given instead, the Court cannot find that plaintiff has stated a claim of constitutional dimension.

Plaintiff complains of the high cost of commissary goods at the Detention Center, stating that it is cheaper to buy commissary goods through the Missouri Department of Corrections than through St. Charles County. However, this does not state a claim of constitutional dimension. *See Amos v. Stolzer*, 2014 WL 6473596, at *9 (E.D. Mo. Nov. 18, 2014) (citing *Vega v. Rell*, 2011 WL

---

[1]Plaintiff does not indicate if he was denied any and all "church services" or if he was denied "Catholic" services.

2471295, at *25 (D. Conn. June 21, 2011) (inmates have no constitutional right to purchase items from a prison commissary)); *Tolbert v. City of Montgomery*, 2008 WL 819067, at *1 (M.D. Ala. Mar. 25, 2008) (inmates have no constitutionally protected interest in purchasing goods available through the prison commissary). Even if plaintiff were able to allege that he was overcharged for certain commissary goods, he has not shown that such goods were among the "civilized measure of life's necessities" required to be provided by prison officials. *See Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004) (explaining that to allege an Eighth Amendment violation, a prisoner must show that the defendant's conduct rose to the level of a constitutional violation "by depriving the plaintiff of the minimal civilized measure of life's necessities").

Plaintiff also alleges that his bond in his criminal action was over $300,000, although others at the Detention Center were held at lower bonds. The Eighth Amendment provides that: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. While the primary function of bail is to safeguard the role of courts in adjudicating the guilt or innocence of defendants, the only substantive limitation is that the "conditions of release or detention not be excessive in light of the perceived evil." *United States v. Salerno*, 481 U.S. 739, 754 (1987). In determining whether bail is unconstitutional, a defendant's mere financial inability to post an amount does not automatically indicate excessiveness. *White v. United States*, 330 F.2d 811, 814 (8th Cir. 1964).

As noted above, the Court has reviewed Missouri.Case.Net, and with reference to plaintiff's criminal action, plaintiff was sentenced to twelve years imprisonment in the Missouri Department of Correction on August 31, 2022. *See State v. Moomey*, No. 1711-CR02906-02 (11th Judicial Circuit, St. Charles County Court). Thus, plaintiff is no longer being held on bond, and the matter is therefore moot.

Last, plaintiff complains about the law library at the Detention Center. He states that he is only able to use the electronic tablet for fifteen minutes at a time, and he purports that the physical library is outdated. The United States Supreme Court has stated that it is "established beyond doubt that prisoners have a constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 821 (1977). This right requires that prisons provide "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Lewis v. Casey*, 518 U.S. 343, 351 (1996).

Typically, access to courts claims result from deficiencies in a prison's legal assistance program or law library that hinders an inmate's ability to bring a claim. *Williams v. Hobbs*, 658 F.3d 842, 852 (8th Cir. 2011). However, "the due process clause is not meant to enable the prisoner to discover grievances, and to litigate effectively once in court." *Id*. "To prove a violation of the right of meaningful access to the courts, a prisoner must establish [that] the state has not provided an opportunity to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim." *Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008). To prove actual injury, the plaintiff must demonstrate that a nonfrivolous legal claim has been frustrated or is being impeded. *White v. Kautzky*, 494 F.3d 677, 680 (8th Cir. 2007). For example, an inmate must show that a complaint that he prepared was dismissed due to a technical requirement that a law library's inadequacies prevented him from knowing, or that a library was so inadequate that it prevented him from filing a complaint for actionable harm at all. *Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996). Plaintiff has failed to allege an actual injury to a pending or contemplated legal claim in this action. Thus, his access to courts claim fails to allege a constitutional claim for relief.

In light of the aforementioned, plaintiff's complaint will be dismissed, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that an appeal of this Order of Dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 12th day of October, 2022.


_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE